```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------------x
```
STEPHEN PEARSON,

                              Plaintiff,

        - against -

PATHMARK STORES, INC.,

                              Defendant.
```
----------------------------------------------------------------x
```

<u>OPINION AND ORDER</u>

07 CV 2183 (NG) (LB)

**GERSHON, United States District Judge:**

*Pro se* plaintiff Stephen Pearson brings this action against defendant Pathmark Stores Inc. ("Pathmark") alleging discriminatory discharge on the basis of national origin in violation of Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. § 2000e *et seq.* Defendant moves to dismiss the Complaint under Rule 12(b)(6) of the Federal Rules of Civil Procedure for failure to state a claim. For the reasons discussed below, defendant's motion is granted.

## FACTS

The following facts alleged in the Complaint and documents incorporated by reference are taken as true for purposes of this motion:[1]

---

[1] A complaint is deemed to include "any written instrument attached to it as an exhibit or any statements or documents incorporated in it by reference." *Cortec Indus., Inc. v. Sum Holding L.P.*, 949 F.2d 42, 47 (2d Cir. 1991). The court may also consider documents that plaintiff has had notice of and are integral to the claim. *Id.* at 48; *Pani v. Empire Blue Cross Blue Shield*, 152 F.3d 67, 75 (2d Cir. 1998). These documents can be taken into consideration when deciding a motion to dismiss, without converting the motion to one for summary judgment. *Chambers v. Time Warner, Inc.*, 282 F.3d 147, 152-53 (2d Cir. 2002).

      Here, although both parties have attached documents to their briefs, the court finds it unnecessary to convert this motion. The documents attached by defendant, which include (1) plaintiff's Verified Complaint filed with the New York State Division of Human Rights ("Division"); (2) the Division's notice of dual-filing the plaintiff's Verified Complaint with the Equal Employment Opportunity Commission ("EEOC"); and (3) the Division's "Determination Order", are either incorporated by reference in plaintiff's complaint or are documents that

Plaintiff is Guyanese. For about five years, plaintiff worked as a Loss Prevention Officer in one of Pathmark's stores in Brooklyn, New York. During the course of his employment, plaintiff was often asked by fellow officer, Mr. Semenov to "look out for him" while he left work to conduct personal business. Although plaintiff complied for several months, he refused the request at one point, and, as a result, Mr. Semenov began calling plaintiff "stupid Nigger" and commenting about his dislike for Guyanese people.

On February 17, 2005, while plaintiff was working, Mr. Semenov accused plaintiff of purchasing counterfeit DVDs from a vendor. About half an hour later, Mr. Semenov returned and told plaintiff to punch out and call his immediate boss. Plaintiff was terminated that same day.[2] Plaintiff claims he was denied a proper investigation into the matter even though he possessed a tape recording containing the DVD vendor's denial of his alleged purchase. Plaintiff further claims that he was refused a letter of termination from defendant's Human Resources Department and that, when he inquired about whether there was any evidence, the representative responded, "It is their word against yours."

---

plaintiff has had notice of. *See Cortec*, 949 F.2d at 48 (noting that it is "the lack of notice to the plaintiff" that often requires conversion of motions to dismiss into ones for summary judgment). The various documents attached by plaintiff, with the exception of the EEOC dismissal and notice of rights, which was originally attached to the Complaint, are "excluded" within the meaning of Federal Rule of Civil Procedure 12(d), as they are unnecessary and irrelevant for deciding the instant motion. *See Cleveland v. Caplaw Enterprises*, 448 F.3d 518, 521 (2d Cir. 2006) (upholding the district court's decision to exclude outside materials and not convert a motion for judgment on the pleadings into a motion for summary judgment).

[2] Plaintiff offers two other dates of termination. In his Verified Complaint, plaintiff alleges that Mr. Semenov sent plaintiff home on February 17, 2005 for violating company policy and that he was not informed of his termination until February 21, 2005, during a meeting attended by plaintiff, Mr. Semenov, and the Director of Human Resources. In his opposition brief, plaintiff states that he was terminated on February 28, 2005. As discussed below, none of the dates of termination offered by plaintiff save his claim from being time-barred.

On January 9, 2006, plaintiff filed a charge with the New York State Division of Human Rights ("Division") regarding defendant's alleged discriminatory conduct, claiming violations of the New York State Human Rights Law ("NYSHRL") and Title VII. On his charge, plaintiff also authorized the Division to accept his complaint on behalf of the EEOC, and the complaint was sent to the EEOC for dual filing purposes.[3] On January 29, 2007, after an investigation and review of plaintiff's allegations, the Division dismissed the complaint, finding no probable cause to believe defendant terminated plaintiff for discriminatory reasons. On February 27, 2007, the EEOC mailed a "Dismissal and Notice of Rights" and indicated its adoption of the Division's findings.[4]

## DISCUSSION

### I. Standard of Review

On a motion to dismiss, the allegations in the complaint are accepted as true, and the court must draw all reasonable inferences in favor of plaintiff. *Zinermon v. Burch*, 491 U.S. 113, 118 (1990); *Thomas v. City of New York*, 143 F.3d 31, 37 (2d Cir. 1998). The court's function is "not to weigh the evidence that might be presented at trial but merely to determine whether the complaint is legally sufficient." *Goldman v. Belden*, 754 F.2d 1059, 1067 (2d Cir. 1985). Although a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need "detailed factual allegations, a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause

---

[3] In plaintiff's Complaint, he indicates that he filed a charge with the EEOC on February 7, 2007. As discussed below, plaintiff's EEOC filing date is assumed to be the same date as his Division filing.

[4] Plaintiff mistakenly indicates in his Complaint that he received the EEOC's notice on May 24, 2007. In his opposition brief, plaintiff clarifies that he received the notice on February 27, 2007 and commenced this lawsuit on May 24, 2007. *See* Pl's. Opp. Mem. at 2-3.

of action will not do." *Bell Atlantic Corp. v. Twombly*, --- U.S. ---, 127 S. Ct. 1955, 1964 (2007) (internal quotation marks, citations, and alterations omitted). Indeed, a plaintiff must assert "enough facts to state a claim to relief that is plausible on its face." *Id.* at 1974. This "plausibility standard" is a flexible one, "oblig[ing] a pleader to amplify a claim with some factual allegations in those contexts where such amplification is needed to render the claim plausible." *Iqbal v. Hasty*, 490 F.3d 143, 158 (2d Cir. 2007); *Boykin v. KeyCorp*, 521 F.3d 202, 213 (2d Cir. 2008).

*Pro se* complaints, "however inartfully pleaded, are held to less stringent standards than formal pleadings drafted by lawyers" and are to be construed liberally on a motion to dismiss. *Hughes v. Rowe*, 449 U.S. 5, 9 (1980); *Boddie v. Schnieder*, 105 F.3d 857, 860 (2d Cir. 1997). The court must interpret a *pro se* plaintiff's pleading as "raising the strongest arguments they suggest." *McPherson v. Coombe*, 174 F.3d 276, 280 (2d Cir. 1999).

## II. Timeliness of EEOC Complaint

To bring a claim under Title VII, a plaintiff must timely file a charge of discrimination with the EEOC or an analogous state agency. *See Quinn v. Green Tree Credit Corp.*, 159 F.3d 759, 763 (2d Cir. 1998). Where, as here, the alleged acts of discrimination occur in a state that has its own anti-discrimination laws, and a state agency is empowered to enforce the laws, the charge of discrimination must be filed with the EEOC or an analogous state agency within 300 days after the date of the alleged unlawful acts. 42 U.S.C. § 2000e-5(e); *Delaware State College v. Ricks*, 449 U.S. 250, 251 (1980); *Salazar v. Dembin*, 2005 WL 524578, at *3 (E.D.N.Y. 2005). Determining the timeliness of plaintiff's EEOC charge, and this ensuing lawsuit, requires the court to first identify the "unlawful employment practice" of which plaintiff complains. *See*

*Ricks*, 499 U.S. at 257. Here, the pleadings are clear that plaintiff is claiming that defendant terminated his employment because of discrimination on the basis of national origin.

In cases of discriminatory discharge, the 300-day period starts running on the date when the employee received a definite notice of the termination, not upon his discharge. *Id.*; *Miller v. Int'l Telephone & Telegraph Corp.*, 755 F.2d 20, 23 (2d Cir. 1985). The notice may be oral. *Id.* Plaintiff indicated in his Complaint that he received notice of his termination on February 17, 2005. This notice was sufficient to commence the limitations period, and plaintiff should have filed his complaint no later than December 14, 2005. Plaintiff, however, filed his complaint with the Division on January 9, 2006, at which point the Division also sent his complaint to the EEOC for dual filing purposes. Under the work-sharing agreement between the Division and the EEOC, plaintiff's filing with the Division constituted his filing with the EEOC for purposes of triggering the limitations period under 42 U.S.C. § 2000e-5(e)(1). Thus, plaintiff's filing was untimely since the earliest date on which plaintiff filed his EEOC complaint is January 9, 2006.[5]

Plaintiff's only argument is that his filing with the Division was timely because the NYSHRL provides for a one year statute of limitations that runs from the alleged unlawful discriminatory practice. N.Y. Exec. Law § 297(5). However, as defendant points out, the NYSHRL limitations period circumscribes the jurisdiction of the Division to adjudicate claims brought under the NYSHRL, but does not toll or extend the 300-day filing period required for claims brought under Title VII in federal court. *See Mudholkar v. University of Rochester*, 2006 WL 2792281 (W.D.N.Y. 2006) (rejecting same argument presented by plaintiff). While plaintiff may have timely filed his complaint with the Division so as to invoke the Division's procedures,

---

[5] *See supra* n.3. Plaintiff does not contest that he filed his complaint with the Division on January 9, 2006. Thus, even if plaintiff were terminated on February 21, 2005 or February 28, 2005, as he indicated in his verified complaint and his opposition brief, respectively, his claim is still time-barred.

he did not meet the limitations period necessary to maintain his Title VII claim. *See Nat'l Railroad Passenger Corp. v. Morgan*, 536 U.S. 101, 108-09 (2002); *Flaherty v. Metromail Corp.*, 235 F.3d 133, 136 n.1 (2d Cir. 2000). Plaintiff's claim is therefore dismissed.

## III. Election of Remedies

Although plaintiff's complaint with the Division alleged violations of the NYSHRL, he did not specifically plead any claims under the NYSHRL or the New York City Human Rights Law ("NYCHRL") in his Complaint here. To the extent plaintiff is asserting such claims, defendant argues that they should barred by the election-of-remedies provisions under NYSHRL and NYCHRL and moves to dismiss them under Federal Rule of Civil Procedure 12(b)(1). Section 297(9) of the NYSHRL provides that "[a]ny person claiming to be aggrieved by an unlawful discriminatory practice shall have a cause of action in any court of appropriate jurisdiction for damages . . . unless such person had filed a complaint hereunder or with any local commission on human rights." Section 8-502(a) of the NYCHRL contains a "nearly identical" provision that is treated as having a similar effect as its state counterpart. *York v. Assoc. of Bar of City of New York*, 286 F.3d 122, 127 (2d Cir. 2002).

It is well-settled that "once a complainant elects the administrative forum by filing a complaint with the [Division], a subsequent judicial action on the same complaint is generally barred unless one of the three exceptions in the [NYSHRL] is applicable." *Johnson v. County of Nassau*, 411 F. Supp. 2d 171, 184 (E.D.N.Y. 2006) (citing *Moodie*, 58 F.3d at 882-84). The exceptions include dismissal of the complaint by the Division for administrative convenience, untimeliness, or annulment of the election of remedies provision. N.Y. Exec. Law § 297(9). Here, plaintiff elected to have his state human rights claims adjudicated by the Division, and the Division issued a determination of "no probable cause" upon investigation and review of the

evidence. None of the exceptions apply. Thus, to the extent plaintiff is asserting claims under the NYSHRL or the NYCHRL, this court lacks subject matter jurisdiction over these claims, and they are dismissed.

## CONCLUSION

For the reasons discussed above, defendant's motion to dismiss is granted. The Clerk of Court is directed to close the case.

**SO ORDERED.**

_____/s_____
**NINA GERSHON**
**United States District Judge**

Dated: Brooklyn, New York
      June 17, 2008